IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK WEBB,

    Plaintiff,

v.                                No. 10- cv-01022 GBW/RLP

KWAL-HOWELLS, INC.,

    Defendant.

## RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S JURY DEMAND

Plaintiff files this response to Defendant's Motion to Strike the Plaintiff's Jury Demand (Docket no. 30) and would show the Court that the motion should be denied and this matter maintained as already set for trial by jury pursuant to Rule 39 FRCP, the federal constitutional policy favoring a party's fundamental right to a trial by jury under the Seventh Amendment, and the Tenth Circuit authority controlling the Court's decision on his matter.

Defendant's motion rests primarily on Rule 38's timeline for demanding a jury. Plaintiff's Request for Trial Setting and Jury Demand was late under that Rule's standard however under Rule 39 a jury trial in this case should be granted.

First, this matter was removed from the Eleventh Judicial District state court where plaintiff filed his complaint. In plaintiff's counsel's first contact from former defense counsel in early/mid October 2010, defendant immediately raised the possibility of an early mediation in this case, so counsel's attention was focused on setting up that mediation, which did occur on January 13, 2011. Counsel for plaintiff first became aware that no jury demand was filed as he and former

defense counsel were preparing the Joint Status Report for this case, and immediately filed the jury demand.

This case has already been set for a jury trial on October 25, 2011 (docket no. 21). The Court held a conference to set this trial date on January 27, 2011, and no objection was raised by defendant at that time when the Court was setting this case for a jury trial, at a time when plaintiff's jury demand had already been filed. That the Court has entered an order setting this matter for jury trial after discussing it with counsel should suffice to deny defendant's motion, as at the most opportune time to present this matter to the Court defendant failed to do so.

Alternatively, this court should set this matter for jury trial under Rule 39. Federal Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." "Absent a strong, compelling reason to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965). Rule 39(b) should not be narrowly construed because the right to a jury trial is a fundamental right under the *Seventh Amendment,* federal policy favors jury trials, and motions under Rule 39(b) should be granted in the absence of prejudice to the parties, or "strong and compelling reasons" supporting the opposition. Aguilar v. City of Roswell, CIV 09-0771 JCH/GBW, Order Granting Jury Trial (docket no 35); *Bates v. Board of Regents of Northern N.M. Community College*, 122 F.R.D. 586, 588-89 (D.N.M. 1987).

This case involves a claim of disability discrimination brought under both the ADA and New Mexico Human Rights Act to remedy defendant's failure to accommodate plaintiff's Bell's Palsy and terminating him in conjunction with that failure. Both statutes provide for trial by jury of these claims. Defendant was not only on notice that this was intended as a jury case, they essentially agreed to it in the conference setting this matter for trial.

Notwithstanding counsel for Plaintiff's error, good cause exists for granting this motion pursuant to Rule 39(b). As reflected by the body of established 10th Circuit Case law a motion for a jury trial under Rule 39(b) should be granted if there is no disruption or delay in the proceeding before the court, and if the opposing party will not suffer prejudice.

Granting this motion will not prejudice defendant nor disrupt or delay these proceedings in this case as the matter has already been set for trial. Discovery in this case is ongoing and has not been completed, and no prejudice has been stated by defendant's motion, nor could it be imagined what sort of prejudice they might credibly claim in presenting their defenses to a jury of plaintiff's peers. The other related pre-trial deadlines have also not expired.

To cure defendant's objection elevating form over substance, contemporaneously with this response, plaintiff has filed a motion requesting that the jury trial set for this matter be maintained. As noted in the JSR/PDP adopted by order of the Court, this case should take only two to three days to try. Granting that motion and the relief sought therein will not delay this case or interfere with its orderly conduct, nor will granting this motion impact any possible trial setting or pre-trial deadlines.

The right to jury trial granted by the Seventh Amendment ought to be guarded more closely in the context of plaintiff's right to be free of discrimination such as in this case where Congress and the New Mexico Legislature have expressly granted that right and the established law in the Tenth Circuit concludes that the Court should deny defendant's motion.

## CONCLUSION

Because good cause exists, and because there are no strong or compelling reasons to deny Plaintiff's request for a jury trial under Rule 39(b), particularly since this case has already been set for jury trial and no party would be prejudiced by denying defendant's motion, Plaintiff respectfully requests that defendant's motion be denied.

Respectfully submitted,

VALDEZ AND WHITE LAW FIRM, LLC

 _electronically signed_
Timothy L. White
P.O. Box 25646
Albuquerque, N.M. 87125
Telephone: (505) 345-0289
Fax: (505) 345-2573
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

This is to certify that this response was emailed on April 28, 2011, to the following counsel of record:

Agnes Fuentevilla Padilla
P.O. Box 3170
Albuquerque, N.M. 87190-3170

  electronically signed
Timothy L. White