IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK WEBB,

      Plaintiff,

v.                                              CIV 10-1022 GBW/KBM

KWAL-HOWELLS, INC.,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND

**THIS MATTER** comes before the Court on Defendant's Motion to Strike Plaintiff's Jury Demand.  *Doc. 30*.  Having considered the parties' submissions, extant case law, and being otherwise advised in the premises, the Court finds that Defendant's Motion should be denied.

## I.    BACKGROUND

Defendant filed the Motion on April 11, 2011.  *Id*.  Therein, Defendant seeks to strike Plaintiff's Jury Demand of January 4, 2011, on two separate grounds.  *Docs. 11, 30*.  First, Defendant avers that "Plaintiff's Jury Demand was filed well beyond the fourteen (14) days permitted by Rule 38(b)[1] and, as such, the Plaintiff has waived his right to a jury trial."  *Doc.*

---

[1]    In relevant part, Federal Rule of Civil Procedure 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand--which may be included in a pleading--no later than 14

*30* at 2 (citation omitted).  Beyond his procedural default under Rule 38, Defendant also argues that "Plaintiff has not followed the proper procedure for seeking a jury trial absent the filing of a timely jury demand."  *Id.*  Defendant explains, "Rule 39(b)[2] has been interpreted to allow a party a jury trial, even when a timely jury demand was not filed, so long as there are no 'strong and compelling reasons' to deny such a trial."  *Id.* (citation omitted).  By Defendant's reading, however, "Rule 39(b) explicitly requires the filing of a motion, which [] Plaintiff did not do."  *Id.* (citing FED. R. CIV. P. 39(b)).  Because "Plaintiff failed to follow the procedure required by the Federal Rules of Civil Procedure," Defendant prays this Court strike Plaintiff's Jury Demand.  *Id.*

   Plaintiff opposes Defendant's Motion.  Despite conceding his Jury Demand was "late under [Rule 38's] standard," Plaintiff advances two independent premises to preserve his request for a jury trial.  *Doc. 32* at 1.  Plaintiff first argues that Defendant waived any objection to the lateness of the request.  *Id.*  Plaintiff notes that, after the jury demand was already filed, "[t]he Court held a conference to set this trial date on January 27, 2011, and no objection was raised by [D]efendant at that time."  *Id.*  Consequently, "[t]his case [was]

---

days after the last pleading directed to the issue is served."  FED. R. CIV. P. 38(b)(1) (2011).

   [2]  Federal Rule of Civil Procedure 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, *on motion*, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b) (emphasis added).

set for a jury trial on October 25, 2011." *Id.* at 2 (citation omitted).  Therefore, Plaintiff

contends that the Court should "deny [D]efendant's motion, as at the most opportune time

to present this matter to the Court[,] [D]efendant failed to do so." *Id.*

Alternatively, Plaintiff posits, "this Court should set this matter for jury trial under

Rule 39." *Id.*  Plaintiff argues that "federal policy favors jury trials, and motions under Rule

39(b) should be granted in the absence of prejudice to the parties, or 'strong and compelling

reasons' supporting the opposition." *Id.* (citations omitted).  Although he admits that he

failed to style his Jury Demand as a "motion" for purposes of Rule 39(b), Plaintiff alerts the

Court that he has cured that failure by filing a "motion requesting that the jury trial set for

this matter be maintained." *Id.*; *see doc. 33.*  Viewed in light of these facts, Plaintiff

concludes "there are no strong or compelling reasons" to deny his Jury Demand, and

moreover, that "no party would be prejudiced" by the trial of his case to a jury.  *Id.* at 4.

Accordingly, Plaintiff prays this Court deny Defendant's Motion.  *Id.*

## II.   DISCUSSION

A party may demand a jury trial on any issue triable of right by a jury by "serving

the other parties with a written demand . . . no later than 14 days after the last pleading

directed to the issue is served." FED. R. CIV. P. 38(b).  By his own admission, however,

Plaintiff's Jury Demand was filed "late under [Rule 38's] standard." *Doc. 32* at 1.  Thus,

Plaintiff has waived his right to a jury trial under Rule 38.  *See* FED. R. CIV. P. 38(d) ("A

party waives a jury trial unless its demand is properly served and filed.").

Nevertheless, Plaintiff's right to a jury trial does not rest solely on Rule 38.  Under Rule 39(b), the Court has discretion, "on motion, [to] order a jury trial on any issue for which a jury might have been demanded."  FED. R. CIV. P. 39(b).  In fact, Tenth Circuit precedent instructs courts exercising this discretion to "grant a jury trial in the absence of strong and compelling reasons to the contrary."  *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) (internal quotation marks and citations omitted).  The Tenth Circuit has declared that "[t]he constitutional right to a jury trial under the Seventh Amendment is a fundamental right and the federal policy favoring jury trials is of historic and continuing strength." *Id.* (internal quotation marks and citations omitted).

Although the Court finds Plaintiff's first argument of waiver unavailing, the Court does find that Rule 39(b) supports the grant of a jury trial in this case.  The Court agrees with Defendant that Plaintiff failed to submit the "motion" required by the text of Rule 39(b).  *Doc. 30* at 2.  Yet, the Tenth Circuit directs that so long as "the request for a jury trial is made in a manner sufficient to bring it to the attention of the court and the other parties . . . the failure to file the request as a 'motion' should not be deemed fatal." *Federal Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1333-34 (10th Cir. 1987).  Further, whatever procedural failure existed at the time Plaintiff filed his Jury Demand was cured by the filing of his "Motion to Request and Maintain Jury Trial." *Doc. 33.*  Most importantly, Defendant

-4-

"concedes that it does not have a 'strong and compelling reason' to oppose a jury," and moreover, it makes no mention whatsoever that Plaintiff's delay in requesting a jury has caused it prejudice.  *Doc. 34* at 3.  In the absence of strong and compelling reasons to deny Plaintiff's Rule 39(b) request, and mindful of the federal policy favoring jury trials, the Court will deny Defendant's Motion to Strike Plaintiff's Jury Demand, and exercise its discretion to grant Plaintiff's untimely request for a jury trial.

Admittedly, granting a Plaintiff a jury trial despite his failure to comply with Rule 38 or, until prompted by Defendant, Rule 39, undermines the enforcement of important procedural rules.  To somewhat counteract this unfortunate consequence, the Court is considering ordering Plaintiff's counsel to reimburse Defendant's attorney fees in drafting and filing the Motion to Strike Plaintiff's Jury Demand and the Reply.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) ("[F]ederal district courts have inherent authority to manage business "so as to achieve the orderly and expeditious disposition of cases."").  Counsel for Defendant shall file an affidavit outlining those fees within seven (7) days of the entry of this Order.  However, if counsel for the parties are able to reach an agreement as to the payment of fees, then counsel for Defendant need not file the affidavit.  If no agreement is reached, Plaintiff's counsel shall file a pleading either (a) showing cause why this reimbursement should not be ordered or (b) agreeing to reimburse the fees.  This pleading from Plaintiff's counsel is due no later than seven (7) days of the date of the filing

of defense counsel's affidavit.  If Plaintiff's counsel objects to the amount of fees claimed

Defendant's counsel, he must make those objections in that same pleading.

## III.     CONCLUSION

Defendant's Motion to Strike Plaintiff's Jury Demand is hereby **DENIED.**  *Doc. 30*.

Pleadings related to the reimbursement of costs **SHALL BE FILED** as directed above.

Furthermore, as a consequence of this Order, Plaintiff's "Motion for Trial" is

**HEREBY DENIED** as **MOOT.**  *Doc. 33*.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE