IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK WEBB,

    Plaintiff,

v.                                                                 CIV 10-1022 GBW/KBM

KWAL-HOWELLS, INC.,

    Defendant.

## ORDER ON SANCTIONS

THIS MATTER comes before the Court on the pleadings related to reimbursement of costs which were directed to be filed in the Court's Order Denying Defendant's Motion to Strike Jury Demand. *Docs. 40, 41, 45.*

In the Order, the parties were advised that the Court was "considering ordering Plaintiff's counsel to reimburse Defendant's attorney fees in drafting and filing the Motion to Strike Plaintiff's Jury Demand and the Reply." *Doc. 40* at 5. This consideration was brought on by Plaintiff's "failure to comply with Rule 38 or, until prompted by Defendant, Rule 39." *Id.*

Absent an agreement as to the payment of fees, Defendant's counsel was directed to file an affidavit as to the attorney fees billed for the Motion and the Reply. Defendant's counsel has done so and seeks reimbursement of $1002.50. *Doc. 41.* The Order next directed Plaintiff's counsel to "file a pleading either (a) showing cause why this

-1-

reimbursement should not be ordered or (b) agreeing to reimburse the fees." *Doc. 40* at 5. Moreover, Plaintiff's counsel was to raise any objection to the amount of fees in that responsive pleading. *Id.* at 6. In the responsive pleading, Plaintiff's counsel argues both that reimbursement should not be ordered and that the amount claimed is unreasonable. *Doc. 45.*

Plaintiff primarily argues that the Court can order the reimbursement of attorneys' fees only if a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Doc. 45* at 4 (*citing Chambers v. Nasco*, 501 U.S. 32 , 46 (1991)). Plaintiff points to cases where the sanction was sought for the very filing of the lawsuit. *Id.* at 5. As those courts explained, the sanction of attorney fees for frivolous lawsuits should be used sparingly because it "might discourage the zealous advocacy of difficult cases." *Dreiling v. Peugeot Motors of America*, 850 F.2d 1373, 1383 (10th Cir. 1988)). Plaintiff argues that his failure to comply with Rule 38 and 39 was not done in bad faith, but was, at worst, negligence. *Doc. 45* at 5.

The Court agrees that there is no evidence of bad faith in Plaintiff's failure to properly request a jury trial. However, Plaintiff has neglected to address the Court's authority to impose costs under 28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Tenth Circuit Court of Appeals has explicitly held that sanctions under this provision do not require a finding of bad faith. *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1279 n.6 (10th Cir. 2005) (*citing Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). The Court has explained that, in the context of section 1927, "unreasonably and vexatiously" means in "reckless indifference to the law." *Braley*, 832 F.2d at 1511. In fact, the Court endorsed the proposition that section "1927 permits a court to insist that the attorney bear the costs of his own lack of care." *Id.* As with sanctions under the court's inherent authority, the Court "recognize[d] the importance of ensuring that § 1927 'in no way will dampen the legitimate zeal of an attorney in representing his client.'" *Id.* at 1512 (citations omitted).

Jury demands in federal court are governed by two straightforward rules. Under Federal Rule of Civil Procedure 38, a party may demand a jury trial by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served. FED. R. CIV. P. 38(b). In the instant case, Plaintiff undeniably failed to comply with this rule. In fact, his "Jury Demand" was filed almost six weeks late. *See Docs. 6* (answer filed Nov. 5, 2010), *11* (jury demand filed January 4, 2011). Having failed to comply with Rule 38, Plaintiff had waived his right to a jury trial. FED. R. CIV. P. 38(d).

Rule 39, however, provides a mechanism to correct a party's failure to comply with Rule 38. Rule 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). Notwithstanding the apparently broad discretion which appears in the rule, district courts are instructed to "grant a jury trial [upon a Rule 39 motion] in the absence of strong and compelling reasons to the contrary." *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965). Despite this relief valve, Plaintiff did not file a motion for a jury trial on his own. In fact, Plaintiff failed to take the initiative and file a Rule 39 motion for jury trial even though Defendant expressly indicated its intent to file the motion to strike jury demand in the Joint Status Report which was filed on January 10, 2011. *Doc. 13* at 6.

In such a circumstance, any defendant seeking to enforce Plaintiff's waiver of jury trial is placed in an untenable situation. The first option is to quickly bring the issue to the Court's attention and seek a bench trial. However, this choice will likely lead to a Rule 39 motion for a jury trial which will likely be granted. The second option is to keep quiet and hope that plaintiff does not notice until close to trial. This choice may give the opportunity to argue that the closeness of the trial date is a "strong and compelling reason" to deny the Rule 39 motion. However, it will just as likely lead to the court accusing defendant of lying in wait on the issue. In the instant case, Defendant selected the first option and, unsurprisingly, Plaintiff filed the Rule 39 motion soon thereafter.

In his responsive pleading regarding the payment of costs, Plaintiff makes much of the fact that Defendant did not prevail in its motion. However, what is important for the purposes of sanctions under section 1927 is that, if Plaintiff had followed the clear procedure in either Rule 38 or 39, no motion (or response, reply, or order from the court) would have been necessary. As such, Plaintiff's failure to comply with the rules unreasonably multiplied these proceedings. Given the simplicity of the rules and the fact that Defendant's counsel alerted Plaintiff's counsel to their intention to strike the jury demand, Plaintiff's counsel's failure to comply represented a reckless indifference to the rules. Consequently, sanctions under 1927 are appropriate. A sanction of attorney fees under these circumstances "in no way will dampen the legitimate zeal of an attorney in representing his client." *Braley*, 832 F.2d at 1512. On the other hand, imposing no sanctions in these circumstances risks encouraging the non-compliance with Rule 38 and, until late in the game, Rule 39 given the lack of likely consequences.

As the Tenth Circuit explained:

> The power to assess costs, expenses, and attorney's fees against an attorney personally in the appropriate case is an essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly. The assessment of excess costs, expenses, or attorney's fees is a relatively mild sanction, especially when compared to dismissal. Such assessments are flexible enough to serve our paramount objective of administering and tailoring a broad range of available sanctions "in a manner designed to effectuate the purpose of [each] sanction and in order of their seriousness as sound discretion dictates."

*Braley*, 832 F.2d at 1512 (*quoting In re Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

As noted above, Plaintiff also contends that the claimed fees appear unreasonable. Plaintiff argues that 7.5 hours is an unreasonably large amount of time given the shortness of the pleadings and the simplicity of the issues.[1] *Doc. 45* at 9. While the Court does not doubt that Defendant's counsel spent the time laid out in the affidavit, the Court does agree that the Motion and Reply pleadings could have been completed in less time. More importantly, it is essential when assessing a 1927 sanction that it be commensurate with the seriousness of the failing. Therefore, the Court intends to order Plaintiff's counsel to reimburse Defendant for half of the attorney fees described in the affidavit.

The Court recognizes that, in the order informing the parties that it was considering ordering the reimbursement of attorneys' fees, the only authority referenced was *Chambers v. Nasco*, 501 U.S. 32 , 46 (1991). Counsel was not specifically pointed at Title 28 § 1927. Therefore, if Plaintiff's counsel wishes to brief the applicability of section 1927 to this case, the Court will give him the opportunity to do so. Plaintiff will have until July 18, 2011 to file this supplemental briefing. Unless ordered subsequently, Defendant need not respond

---

[1] Plaintiff also highlights that Defendant's Reply admitted that there were no compelling grounds on which to deny the Rule 39 motion. *Doc. 45* at 9. The Court actually appreciated the candor of the Reply which simplified, rather than multiplied, the proceeding. Defendant's Reply focused on attempting to argue that Plaintiff's motion for jury trial should not be considered coming as it did after the Defendant's motion to strike the jury demand. While the Court rejected this argument, it was not frivolous.

to this supplemental briefing if filed. If Plaintiff does not file the supplemental briefing, then Plaintiff's counsel shall expeditiously reimburse Defendant for $501.25 of the attorneys' fees expended in the briefing of the Motion to Strike Plaintiff's Jury Demand.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE