IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK WEBB,

    Plaintiff,

v.                                                     CIV 10-1022 GBW/KBM

KWAL-HOWELLS, INC.,

    Defendant.

## ORDER IMPOSING SANCTIONS

THIS MATTER comes before the Court on the pleadings related to reimbursement of costs which were directed to be filed in the Court's Order Denying Defendant's Motion to Strike Jury Demand. *Docs. 40, 41, 45, 46, 48.*

In the Order, the parties were advised that the Court was "considering ordering Plaintiff's counsel to reimburse Defendant's attorney fees in drafting and filing the Motion to Strike Plaintiff's Jury Demand and the Reply." *Doc. 40* at 5. This consideration was brought on by Plaintiff's "failure to comply with Rule 38 or, until prompted by Defendant, Rule 39." *Id.*

Absent an agreement as to the payment of fees, Defendant's counsel was directed to file an affidavit as to the attorney fees billed for the Motion and the Reply. Defendant's counsel has done so and seeks reimbursement of $1002.50. *Doc. 41.* The Order next directed Plaintiff's counsel to "file a pleading either (a) showing cause why this

reimbursement should not be ordered or (b) agreeing to reimburse the fees." *Doc. 40* at 5. Moreover, Plaintiff's counsel was to raise any objection to the amount of fees in that responsive pleading. *Id.* at 6.

In the responsive pleading, Plaintiff's counsel argued both that reimbursement should not be ordered and that the amount claimed is unreasonable. *Doc. 45.* Most significantly, he contended that the Court can order the reimbursement of attorneys' fees only if a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Doc. 45* at 4 (*citing Chambers v. Nasco,* 501 U.S. 32 , 46 (1991)). Plaintiff's counsel argued that his failure to comply with Rule 38 and 39 was not done in bad faith, but was, at worst, negligence. *Doc. 45* at 5.

While the Court agreed that there is no evidence of bad faith in counsel's failure to properly request a jury trial, the Court found that imposition of costs may be appropriate under 28 U.S.C. § 1927. *Doc. 46* at 2-6. Therefore, the Court gave Plaintiff's counsel an opportunity to address whether sanctions were appropriate under section 1927. *Id.* at 6-7. Plaintiff's counsel has now taken that opportunity. *Doc. 48.*

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of

such conduct." The Tenth Circuit Court of Appeals has explicitly held that sanctions under this provision do not require a finding of bad faith. *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1279 n.6 (10th Cir. 2005) (*citing Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). The Court has explained that, in the context of section 1927, "unreasonably and vexatiously" means in "reckless indifference to the law." *Braley*, 832 F.2d at 1511. In fact, the Court endorsed the proposition that section "1927 permits a court to insist that the attorney bear the costs of his own lack of care." *Id.* As Plaintiff recognizes in his most recent filing on this issue, courts must employ an "objective unreasonableness" inquiry. *Doc. 48* at 2; *see also Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1201-02 (10th Cir. 2008). In short, sanctions "under § 1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion*, 430 F.3d at 1278.

Jury demands in federal court are governed by two straightforward rules. Under Federal Rule of Civil Procedure 38, a party may demand a jury trial by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served. FED. R. CIV. P. 38(b). When a party fails to comply with Rule 38, their right to a jury trial is waived. FED. R. CIV. P. 38(d). Rule 39, however, provides a mechanism to correct a party's failure to comply with Rule 38. Rule 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b) (emphasis added).

In the instant case, Plaintiff failed to comply with Rule 38. In fact, his "Jury Demand" was filed almost six weeks late. *See Docs. 6* (answer filed Nov. 5, 2010), *11* (jury demand filed January 4, 2011). Under the rules, therefore, he had waived his right to a jury trial. FED. R. CIV. P. 38(d). Within a week, Plaintiff's counsel was advised by opposing counsel that his "Jury Demand" did not comply with the rule and that Defendant would move to strike it. *Doc. 13* at 6. At that time, Plaintiff's counsel could have simply reviewed the rules and filed a motion under Rule 39. Instead, Plaintiff's counsel ignored the problem apparently hoping that Defendant would not follow through on the motion to strike which, under any reading of Rule 38, would be successful. Unfortunately for Plaintiff's counsel, Defendant did follow through on the motion to strike a few months later. Defense counsel sent Plaintiff's counsel the motion to strike prior to filing it. *Doc. 48* at 3. Plaintiff's counsel's response was that "the motion would fail under the Rule 39 law . . .." *Id.* The problem with this response was that, because Plaintiff's counsel had never filed a motion under Rule 39 (despite being alerted to the fact that his "Jury Demand" was not in compliance with Rule 38), "Rule 39 law" was not yet applicable. Nonetheless, the response demonstrates counsel's cavalier approach to the rule. Essentially, he posits that, even though the "Jury Demand" does not comply with Rule 38, if he filed a motion under Rule 39, it would be granted; thus, there is no need to actually file the Rule 39 motion.

Plaintiff's counsel implicitly blames Defendant arguing that had "defense counsel

contacted plaintiff's counsel in some manner requesting concurrence other than simply sending it on for approval or objection after it was already prepared, the matter could have been resolved by plaintiff's simply filing the Rule 39 motion at that time without defendant's incurring any fees on this whatsoever beyond a phone call." *Id.* This argument, however, ignores the fact that Defendant had already given Plaintiff three months to file a Rule 39 motion after indicating its intent to strike the "Jury Demand." In fact, it took Plaintiff's counsel another seventeen days after the filing of Defendant's Motion to Strike to file the three-sentence motion for trial. *Doc. 33.* Even then, Plaintiff's counsel failed to cite Rule 39 in that motion. *Id.*

Plaintiff's failure to comply with Rule 38 or, until forced by Defendant's Motion to Strike, Rule 39 unreasonably multiplied these proceedings. It led to the filing of Defendant's Motion to Strike, the Response, the Reply, and the Court's Order. *Docs. 30, 32, 34, 40.* Even giving Plaintiff's counsel the benefit of the doubt on his failure to comply with Rule 38, every one of these pleadings could have been avoided if Plaintiff had filed a motion under Rule 39 in any of the three months after he was alerted to the deficiency of his "Jury Demand." None of the proffered explanations, which essentially amount to a hope that Defendant was also going to ignore the lack of compliance with the rules, undermine the Court's conclusion that Plaintiff's counsel acted "recklessly or with indifference to" the rule requirements for a proper jury demand. Moreover, as alluded to

in previous orders, given courts' disinclination to deprive a litigant of their right to a jury trial, sanctions are an important mechanism to enforce the straightforward requirements of Rule 38 and 39.  As the Tenth Circuit explained:

> The power to assess costs, expenses, and attorney's fees against an attorney personally in the appropriate case is an essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly. The assessment of excess costs, expenses, or attorney's fees is a relatively mild sanction, especially when compared to dismissal. Such assessments are flexible enough to serve our paramount objective of administering and tailoring a broad range of available sanctions "in a manner designed to effectuate the purpose of [each] sanction and in order of their seriousness as sound discretion dictates."

*Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (*quoting In re Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).  In the instant case, ordering counsel to pay a portion of the attorney fees necessitated by his cavalier approach to the jury demand will effectuate the purpose of the sanction while "in no way [dampening] the legitimate zeal of an attorney in representing his client." *Braley*, 832 F.2d at 1512.  Therefore, within ten days of the date of this Order, Plaintiff's counsel shall reimburse Defendant for $501.25 of the attorneys' fees expended in the briefing of the Motion to Strike Plaintiff's Jury Demand.  IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE